**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BELINDA ROBERTSON,

Plaintiff,

v. No. 2:26-cv-02673-SMD-GJF

MICHELLE LUJAN GRISHAM and
MANUEL ARRIETA,

Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This case arises from a divorce proceeding in state court in which *pro se* Plaintiff is a party. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 7, Doc. 1, filed August 13, 2026 ("Complaint"). In her case in this Court, Plaintiff asserted speedy trial and due process claims pursuant to 42 U.S.C. § 1983, claims pursuant to 18 U.S.C. § 242 and claims pursuant to state law against State of New Mexico Governor Michelle Lujan Grisham and New Mexio state-court Judge Manuel Arrieta. *See* Complaint at 7-13. Plaintiff alleged Judge Arrieta violated Plaintiff's constitutional rights during state-court proceedings by making rulings outside his official capacity:

> Plaintiff Alleges New Mexico Court Officials violated her Constitutional Rights during a Divorce proceeding and seeks redress under 42 U.S.C & 1983. . . "Plaintiff was affected for Government officer not in his official capacity in review the case for more than 4 years in a District Court . . . Defendant (Judge not in his official Capacity) by her ex parte and Sua sponte rulings to violate the Plaintiff's" due Process Rights".

[sic] Complaint at 8. Plaintiff alleged Governor Lujan Grisham appointed Judge Arrieta to the case while "not in her official capacity." Complaint at 3. Plaintiff did not seek monetary relief. *See* Complaint at 14 (stating in her prayer for relief "No Monetary Relief"). Plaintiff is proceeding

*in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* Order Granting Application to Proceed *In Forma Pauperis*, Doc. 4, filed August 28, 2026.

United States Magistrate Judge Gregory J. Fouratt notified Plaintiff of several deficiencies in the Complaint and ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause, Doc. 4, filed August 28, 2026.

Plaintiff filed a response to the Order to Show Cause and an Amended Complaint combined in one document. *See* Amedment Complain Show Cause [sic] at 1, Doc. 5, filed September 3, 2026 (stating Plaintiff "brings a Complain under Pursuant 42 U.S.C. & 1983" [sic]) ("Amended Complaint"). The Amended Complaint fails to remedy the deficiencies identified by Judge Fouratt.

First, Judge Fouratt notified Plaintiff that it appears Plaintiff may be seeking injunctive relief against the state-court proceedings and that Plaintiff has not shown that this Court has authority to enjoin the state-court case explaining that:

> The Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:
>
> 1. Congress "expressly authorized" an injunction.
>
> 2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."
>
> 3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.
>
> The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.,* 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue. *Id.,* 131 S.Ct. at 2382.

> *Tooele County v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016). Plaintiff has not shown that any of the three exceptions to the Anti-Injunction Act apply in this case.

Order to Show Cause at 3-4.

The Amended Complaint fails to show that this Court can enjoin the proceedings in state court. Plaintiff asserts the injunction is necessary in aid of this Court's jurisdiction because Judge Arrieta was not acting in his official capacity, the state-court case is not a civil case but instead is a criminal case, and the state-court case is not appealable. *See* Amended Complaint at 4-6, 19. "'Necessary in aid of its jurisdiction' means that 'federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" *Zurich American Ins. Co. v. Superior Court for State of California* 326 F.3d 816, 825 (7th Cir. 2002) (quoting *Atlantic Coast Line R.R. Co. v. Broth. Of Locomotive Eng'rs.,* 398 U.S. 281 295 (1970)); Texas v. United States, 837 F.2d 184, 186 n.4 (5th Cir. 1988) ("In no event may the 'aid of jurisdiction' exception be invoked merely because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision") (citing *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 295–96 (1970)). Plaintiff also asserts this Court has the authority to enjoin the state-court proceedings pursuant to the All Writs Act, 28 U.S.C. 1651. *See* Amended Complaint at 6. The All Writs Act states: "The Supreme Court and all courts established by act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The Amended Complaint does not contain allegations showing that the state-court proceeding will impair this Court's ability to decide this case or otherwise show that this Court has authority to enjoin the state-court proceedings.

Second, Judge Fouratt notified Plaintiff it appears Plaintiff may also be seeking to remove the state-court case to this Court. *See* Order to Show Cause at 4. Judge Fouratt explained that Plaintiff has not shown that the state-court case can be removed to this Court because: (i) Plaintiff is the plaintiff in the state-court case; (ii) "[P]laintiffs are not entitled to remove cases to federal court;" and (iii) Plaintiff has not cited any legal authority which would allow her, as plaintiff in the state-court case, to remove the state-court case to this Court. Order to Show Cause at 4-5 (quoting *Robinson v. New Mexico*, Order and Judgment at 2, No. 18-2179 (10th Cir. June 28, 2019); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants*") (emphasis in original)).

Plaintiff seeks to remove the state-court proceeding because Defendants lack jurisdiction, are not acting in "their functional capacities" and are denying Plaintiff due process. Amended Complaint at 6-9. The Amended Complaint does not cite any authority that would allow Plaintiff to remove the state-court proceeding to this Court.

Third, Judge Fouratt notified Plaintiff the Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Governor Lujan Grisham because here are no factual allegations showing that Governor Lujan Grisham deprived Plaintiff of a federally protected right. *See* Order to Show Cause at 5 (stating "The only allegations in the Complaint regarding Governor Lujan Grisham indicate that Governor Lujan Grisham was not acting in her official capacity when she appointed Judge Arrieta" and quoting *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law.")).

The Amended Complaint contains conclusory allegations that Governor Lujan Grisham violated Plaintiff's civil rights but does not allege facts supporting those allegations other than that Governor Lujan Grisham appointed Judge Marietta and other state judges and is "Leader of Criminal Organization in the State of New Mexico." Amended Complaint at 10-15, 18. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Fourth, Judge Fouratt notified Plaintiff the Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Judge Arrieta because:

> "Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'" *Catanach v. Thomson*, 718 Fed.Appx. 595, 599 (10th Cir. 2017) (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)). There are no allegations that a declaratory decree was violated or that declaratory relief was unavailable. *See also Collins v. Daniels*, 916 F.3d 1302, 1317 (10th Cir. 2019) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985))).

Order to Show Cause at 5-6.

The Amended Complaint does not contain any allegations showing that that a declaratory decree was violated or that declaratory relief was unavailable. Plaintiff's original Complaint indicated she was not seeking monetary relief. *See* Complaint at 14. Plaintiff's Amended Complaint does not contain a demand for the relief she seeks. See Fed. R. Civ. P. 8(a)(3) (a complaint "must contain . . . a demand for the relief sought").

Finally, Judge Fouratt notified Plaintiff that the Complaint fails to state a claim pursuant to 18 U.S.C. § 242 because Section 242 is a criminal statute and "[C]riminal statutes do not provide for private civil causes of action." Order to Show Cause at 6 (quoting *Kelly v. Rockefeller*, 69

Fed.Appx.414, 415-416 (10th Cir. 2003) and citing *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")).

The Amended Complaint asserts claims pursuant to 18 U.S.C. § 371, Conspiracy to commit offense or to defraud United States, and "18 U.S.C. & 2394A, Support Money Currency, or Financial Securities for a Leader of a Criminal Organization against the United State." Amended Complaint at 13. There is no statute 18 U.S.C. § 2394A. It appears Plaintiff may be referring to 18 U.S.C. § 2339A, Providing material support to terrorists. Sections 371 and 2339A are criminal statutes. The Amended Complaint does not cite any authority showing that Plaintiff can bring claims case based on an alleged violation of 18 U.S.C. § 371 and 18 U.S.C. § 2339A.

The Court dismisses this case without prejudice because the Amended Complaint fails to state a plausible claim. *See* 28 U.S. C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**UNITED STATES DISTRICT JUDGE**